**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| NIPPON TELEGRAPH AND TELEPHONE CORPORATION and ) ESSENTIAL WIFI LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ACER INC. and ACER AMERICA CORPORATION,<br><br>Defendants. | Civil Action No. 6:20-cv-00227-ADA<br><br>**JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Acer Inc. and Acer America Corporation (collectively, "Acer" or "Defendants") answer the Complaint by plaintiffs Nippon Telegraph and Telephone Corporation ("NTT") and Essential WiFi LLC's ("EWF") (collectively, "Plaintiffs") as follows:

## NATURE OF THE ACTION

1. Denied.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2, and on that basis denies them.

3. Denied.

4. Denied.

5. Defendants admit that Plaintiffs' complaint seeks to establish that Plaintiffs have complied with their FRAND commitment regarding the Patents in Suit and that Defendants are unwilling licensees, but deny that Plaintiffs are entitled to their requested declaratory relief.

## THE PARTIES

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6, and on that basis denies them.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7, and on that basis denies them.

8. Defendants admit that Acer Inc. is a corporation organized and existing under the law of Taiwan, but denies that the address listed in Paragraph 8 is Acer Inc.'s principal place of business.

9. Defendants admit that Acer America Corporation is a corporation organized and existing under the law of the State of California with a principal place of business at 333 W. San Carlos St., Suite 1500, San Jose, CA 95110. Defendants further admit that there is a facility at 1394 Eberhardt Road, Temple Texas 96504 that provides repair services for Acer computers. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 9.

**JURISDICTION AND VENUE**

10. Defendants admit that the Complaint purports to arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. Defendants admit that this court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

11. Denied.

12. Denied.

13. Defendants admit that there is a facility at 1394 Eberhardt Road, Temple Texas 76504 that provides repair services for Acer computers. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 13.

14. Denied.

15. Denied.

16. Defendants admit that Acer Inc. is a foreign company and not a resident in the United States. Acer Inc. reserves the right to move to transfer this action to a more convenient venue. Unless expressly admitted, Defendants deny the allegations set forth in Paragraph 16.

17. Defendants admit that there is a facility at 1394 Eberhardt Road, Temple Texas 96504 that provides repair services for Acer computers. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 17.

18. Denied.

## BACKGROUND

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19, and on that basis denies them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20, and on that basis denies them.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis denies them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22, and on that basis denies them.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23, and on that basis denies them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis denies them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies them.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies them.

## THE PATENTS IN SUIT

29. Defendants admit that a copy of U.S. Patent No. 7,280,551 (the ’551 Patent) is attached to the Complaint as Exhibit A. Defendants further admit that the ’551 Patent appears on its face to be titled “Wireless Packet Communication Method and Wireless Packet Communication Apparatus” and has NTT listed as assignee. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 29.

30. Defendants admit that a copy of U.S. Patent No. 7,545,781 (the ’781 Patent) is attached to the Complaint as Exhibit B. Defendants further admit that the ’781 Patent appears on its face to be titled “Wireless Packet Communication Method and Wireless Packet Communication Apparatus” and has NTT listed as assignee. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 30.

31. Defendants admit that U.S. Patent No. 7,400,616 (the ’616 Patent) is attached to the Complaint as Exhibit C. Defendants further admit that the ’616 Patent appears on its face to be titled “Wireless Packet Communication Method and Wireless Packet Communication Apparatus” and has NTT listed as assignee. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 31.

32. Defendants admit that U.S. Patent No. 7,242,720 (the ’720 Patent) is attached to the Complaint as Exhibit D. Defendants further admit that the ’720 Patent appears on its face to be titled “OFDM Signal Communication System, OFDM Signal Transmitting Device And OFDM Signal Receiving Device” and has NTT listed as assignee. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 32.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33, and on that basis denies them.

## ALLEGATIONS REGARDING NEGOTIATIONS

34. Denied.

35. Denied.

36. Denied.

37. Defendants admit that EWF representatives met with Acer's representatives in Taiwan on March 17, 2017; August 10, 2018; and December 14, 2018, and have had additional correspondence. Defendants lack knowledge or information sufficient to form a belief as to who paid the expenses for this travel by EWF representatives. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 37.

38. Denied.

39. Denied.

40. Defendants admit that Defendants received a letter including a license offer from EWF on December 10, 2019. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 40.

41. Admitted.

42. Defendants admit that they do not have a license to Patents in Suit, but deny that a license is necessary. Unless expressly admitted, Defendants deny the remaining allegations set forth in Paragraph 42.

## GENERAL ALLEGATIONS REGARDING INFRINGEMENT

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

## ANSWER TO COUNT I REGARDING THE '551 PATENT

52. The foregoing paragraphs are incorporated by reference as if fully restated herein.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## **ANSWER TO COUNT II REGARDING THE ‘781 PATENT**

60. The foregoing paragraphs are incorporated by reference as if fully restated herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## **ANSWER TO COUNT III: REGARDING THE ‘616 PATENT**

68. The foregoing paragraphs are incorporated by reference as if fully restated herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

## **ANSWER TO COUNT IV: REGARDING THE ‘720 PATENT**

75. The foregoing paragraphs are incorporated by reference as if fully restated herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## ANSWER TO COUNT V REGARDING ALLEGED FRAND COMPLIANCE

89. The foregoing paragraphs are incorporated by reference as if fully restated herein.

90. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90, and on that basis denies them.

91. Denied.

92. Denied.

93. Admitted.

94. Defendants oppose Plaintiffs' request as set forth in Paragraph 94.

## RESPONSE TO JURY DEMAND

Plaintiffs' Jury Demand does not require a response by Defendants.

## DENIAL OF PLAINTIFFS' REQUEST FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief in this action and respectfully requests that the Court deny Plaintiffs' request for any and all relief as stated in the Complaint.

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference as if fully set forth herein its responses to Paragraphs 1 through 94 of Plaintiffs' Complaint. Without admitting or acknowledging that it bears the burden of proof excepted those imposed by law and without reducing or removing Plaintiffs' burden of proof on its affirmative claims, Acer alleges and asserts the following defenses in response to Plaintiffs' Complaint.

### FIRST DEFENSE:
### FAILURE TO STATE A CLAIM

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE:
### NON–INFRINGEMENT

Defendants have not infringed and do not infringe and have not induced and do not induce others to infringe, any valid and enforceable claim of any of the Patents-in-Suit, either directly, indirectly, contributorily, individually, jointly, willfully, by inducement, literally, or under the doctrine of equivalents.

### THIRD DEFENSE:
### INVALIDITY

The Patents-in-Suit are invalid for failing to comply with one or more provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112 and the rules and laws pertaining to those provisions.

### FOURTH DEFENSE:
### EQUITABLE DEFENSES

On information and belief, Plaintiffs' claims are barred, in whole or in part, under the equitable doctrines of waiver, estoppel, and unclean hands.

### FIFTH DEFENSE:
### LIMITATION ON DAMAGES

Any recovery of damages by Plaintiffs is limited in whole or in part by 35 U.S.C. §§ 286 and/or 287.

**SIXTH DEFENSE:**
**USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT**

To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiffs' claims and demands for relief are barred by 28 U.S.C. § 1498.

**SEVENTH DEFENSE:**
**LACK OF MARKING**

On information and belief, Plaintiffs have not established that it and/or its predecessors in interest or licensees marked any of their products that practice the patents-in-suit, and thus, is not entitled to recover damages for any alleged infringement occurring before Acer was given actual notice of infringement.

**EIGHTH DEFENSE:**
**FRAND**

Plaintiffs are estopped from seeking a royalty that is not compliant with Plaintiffs' FRAND obligations pursuant to IEEE Policies.

**RESERVATION OF ADDITIONAL DEFENSES**

Acer's investigation of its defenses is continuing, and Acer expressly reserves the right to allege and assert any additional defenses under Rule 8 of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defense, at law or in equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Acer prays for relief as follows:

1. Denial of all claims for relief set forth in the Complaint and entry of judgment in favor of Acer and against Plaintiffs;

2. Declaring that Acer has not infringed and is not infringing any valid and/or enforceable claim of the Patents-in-Suit directly, indirectly, contributorily, individually, jointly, willfully, by inducement, literally, or under the doctrine of equivalents;

3. Declaring that each asserted claim of the Patents-in-Suit is invalid and/or unenforceable;

4. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

5. Awarding Acer its costs and attorneys' fees in connection with this matter; and

6. Such other and further relief at law or in equity as the Court deems just and proper.

Dated: July 20, 2020

Respectfully submitted,

By: *<u>/s/ Kevin Jones</u>*

Kaiwen Tseng (CA Bar No. 193756)
*Admitted pro hac vice*
Craig Kaufman (CA Bar No. 159458)
*Admitted pro hac vice*
Kevin Jones (CA Bar No. 240205)
*Admitted pro hac vice*
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Tel: (650) 517-5200
Fax: (650) 226-3133
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
kjones@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Acer requests a trial by jury for all issues triable of right by a jury in the above-captioned case.

Dated: July 20, 2020

Respectfully submitted,

By: */s/ Kevin Jones*

Kaiwen Tseng (CA Bar No. 193756)
*Admitted pro hac vice*
Craig Kaufman (CA Bar No. 159458)
*Admitted pro hac vice*
Kevin Jones (CA Bar No. 240205)
*Admitted pro hac vice*
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Tel: (650) 517-5200
Fax: (650) 226-3133
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
kjones@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
FINDLAY CRAFT, P.C.
102 N. College Ave. Suite 900
Tyler Texas 75702
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 20, 2020, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

*/s/ Kevin Jones*